## WILLIE L. LOVE v. STATE OF INDIANA.

[No. 776S223. Filed December 7, 1977.]

*Harriette Bailey Conn,* (*Mrs.*), Public Defender of Indiana, *David P. Freund, Bobby Jay Small,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

HUNTER, J.—Defendant-appellant, Willie L. Love, was charged with the first-degree murder of Moses Allen Walker, Jr. Following a trial by jury, he was found guilty as charged and sentenced to life imprisonment. The following issues are presented for consideration upon appeal:

1. The sufficiency of the evidence to support the judgment; and

2. Whether the trial court erred in overruling a defense motion for mistrial.

The evidence most favorable to the judgment establishes the following:

The decedent's father went to the Marshall Tavern on the evening of January 18, 1975. As he was leaving, Carolyn Johnson approached him and requested a ride, which he gave

her. Miss Johnson had been dating the defendant about five months and was at the tavern with the defendant and some of his friends. At the corner of Seventeenth and McClure in Marion, Indiana, the defendant rammed his car into the rear of the senior Walker's auto. The accident occurred almost directly in front of the decedent's home. The defendant and the decedent's father began arguing and were joined by the decedent. The defendant then got into his black and white Toronado and drove away. The other three, the decedent, his father and Miss Johnson, went into the decedent's home to call the police. This took approximately three to five minutes; whereupon, the three went outside to determine the extent of the damage to the elder Walker's car. Approximately the same time, the defendant returned, driving the same car, and opened fire with a rifle, killing the younger Walker.

## I. *Sufficiency of the Evidence*

The challenge to the sufficiency of the evidence is twofold. First, it is argued that the evidence was insufficient to establish that the defendant committed the crime; and in the alternative, it is posited that the evidence was sufficient only for a conviction of voluntary manslaughter.

When reviewing the sufficiency of the evidence, this Court will consider only that evidence which is most favorable to the judgment and the reasonable inferences to be drawn therefrom. If there exists substantial evidence of probative value to support the verdict, the conviction will not be set aside. *Daniels* v. *State*, (1976) 264 Ind. 490, 346 N.E.2d 566.

The defendant points to the fact that two of the witnesses, the decedent's father and Miss Johnson, could not positively state that it was the defendant doing the shooting. The third eyewitness, Jerelene Walker, stated that she saw the defendant fire the weapon,

This variance in the testimony would affect the credibility of the witness; it does not render the evidence insufficient as a matter of law.

Voluntary manslaughter is defined as a voluntary killing of another human being without malice and in a sudden heat. Ind. Code § 35-13-4-2 (Burns 1975). Killing in the heat of passion is the element which distinguishes voluntary manslaughter from murder. However, to reduce murder to manslaughter, there must be sufficient provocation to engender such passion. *Dickens* v. *State,* (1973) 260 Ind. 284, 295 N.E.2d 613. To find sufficient provocation one must find:

> "[A]ll that is required to reduce a homicide from murder to voluntary manslaughter is sufficient provocation to excite in the mind of the defendant such emotions as either anger, rage, sudden resentment, or terror as may be sufficient to obscure the reason of an ordinary man, and to prevent deliberation and premeditation, to exclude malice, and to render the defendant incapable of cool reflection." *Dickens* v. *State, supra,* 260 Ind. at 293.

In the case before us there was conflicting testimony that the senior Walker had a knife and that he may have cut the defendant. Mr. Walker denies that he slashed at the defendant and there is no evidence that the defendant was actually harmed. The facts of this case fall short of establishing provocation sufficient to reduce first-degree murder to voluntary manslaughter and *do* sustain the element of premeditated malice.

## II. *Mistrial*

When identifying the weapon used in the shooting, a small tag, with the defendant's name on it and attached to the rifle, was in such a position that it might have been visible to the jury. Because the state had been unable to establish ownership of the rifle, the defense argues that the above occurrence so prejudiced the jury that the trial court erred in denying the motion for a mistrial.

It is a basic tenet that it is within the sound discretion of the trial court to declare a mistrial and the trial court's determination will not be disturbed absent an abuse of discretion.

In *White* v. *State*, (1971) 257 Ind. 64, 272 N.E.2d 312, this Court set out several points to be considered by the trial court in determining whether a defendant has been placed in a position of grave peril to which he should not have been subjected. As recognized, that determination by the trial court must be governed by the facts of each case. In this instance, the opportunity for prejudice to the jury was slight when one considers the evidence against the defendant, the bare possibility that the jurors might have caught sight of the tag and the inadvertent manner in which the act occurred. Ballistics established the rifle as the weapon used in the shooting and eyewitness testimony identified the defendant as the assailant. We do not feel that the defendant was subjected to an evidential harpoon requiring the declaration of mistrial nor reversal upon review.

For all of the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

Note.—Reported at 369 N.E.2d 1073.