**Frank GARCIA, a/k/a Carlos Garcia,
Appellant (Defendant below),**

**v.**

**STATE of Indiana, Appellee
(Plaintiff below).**

**No. 879S217.**

Supreme Court of Indiana.

Feb. 5, 1980.

William A. Padula, Hammond, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Frank Garcia a/k/a Carlos Garcia, was convicted by a jury of four counts of robbery, a class B felony, Ind. Code § 35–42–5–1 (Burns 1979 Repl.) and sentenced to four concurrent terms of twenty years' imprisonment. He now appeals raising the following issues:

1. Whether the verdict of the jury and judgment of the trial court are contrary to law and not sustained by the evidence;

2. Whether the trial court erred in denying defendant's motion for judgment on the evidence at the close of the state's case; and

3. Whether the trial court erred in denying defendant's motion for a mistrial after a witness referred to "mug shots."

The facts most favorable to the state follow.

On the evening September 9, 1978, Andrew Buzinski, Tim Surufka, Bernie Kuzma and Steve Clemens were gathered at Buzinski's Hammond, Indiana, apartment making and recording music. At approximately 10:30 p. m., three individuals arrived and gained entrance to the apartment by claiming to have a mutual acquaintance. One of these individuals had a shotgun and ordered Buzinski, Surufka, Kuzma and Clemens to line up against a wall. The four were robbed of personal belongings of a total value in the neighborhood of $1,500.00.

## I. and II.

Defendant claims that the evidence establishing his identity as one of the robbers was insufficient to sustain the armed robbery conviction. Defendant put on no evidence in his defense and, therefore, a determination of this issue is necessarily determinative of the question of the trial court's denial of defendant's motion for judgment on the evidence. *Faught v. State*, (1979) Ind., 390 N.E.2d 1011.

In reviewing the sufficiency of the evidence, we are constrained to consider that which is most favorable to the state together with all reasonable and logical inferences to be drawn from that evidence. When there is substantial evidence of pro-bative value supporting the jury's verdict, the conviction will not be set aside. *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

Defendant claims the evidence is insufficient because of allegedly equivocal identifications of defendant. Tim Surufka identified defendant in a photographic display and at trial after observing defendant for only five seconds during the crime. Bernie Kuzma identified defendant at trial but could not pick out his picture in a photographic display after observing defendant for five to fifteen seconds during the crime. Andrew Buzinski could not identify defendant either before or during the trial.

Defendant argues that Buzinski had the longest time to observe the robbers since he let them in. The rationale goes that if Buzinski could not identify defendant, the testimony of the others cannot be sufficient. A conviction does not and should not turn on one individual's relatively good or bad recollection of an incident or the fact that one witness did not recognize defendant's photograph because "[t]here was a lot of different circumstances on the pictures." A conviction can be sustained by the identification testimony of one individual who got a five-second look at the defendant. *Bryant v. State*, (1972) 257 Ind. 679, 278 N.E.2d 576. Here, Surufka and Kuzma identified defendant in court. Defendant ignores the testimony of Steve Clemens who identified defendant in and out of court and testified that he observed defendant for fifteen to twenty seconds during the crime. Surufka testified that he heard one of the robbers address "Frank" during the robbery. We find that the jury's verdict and judgment of the trial court are supported by abundant evidence.

## III.

During the direct examination of Bernie Kuzma, the following exchange took place:

Q. "Have you ever seen that individual in person after the date that you were robbed?"

A. "You mean on the street?"

Q. "Any time after that time?"

A. "We were showed mug shots, is that what you mean?"

Defense counsel objected and moved for a mistrial. The objection was sustained but the motion for mistrial was denied. The court then admonished the jury:

"The portion of the witness' last answer referring to mug shots is not admissible and you are ordered, in your consideration of this case, not to refer to that testimony at all in any way, shape or form in determining the guilt or innocence of the defendant. Do you all understand?"

 Defendant raises the denial of his motion for mistrial as error. The granting of a mistrial rests largely within the sound discretion of the trial court. *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312. This Court will not disturb the trial court's determination absent an abuse of discretion. *Love v. State*, (1977) 267 Ind. 302, 369 N.E.2d 1073. In order to convince a reviewing court that the trial court abused its discretion the defendant must demonstrate "that he was placed in a position of grave peril as a result of the improper remark." *Dewey v. State*, (1976) 264 Ind. 403, 409–10, 345 N.E.2d 842, 847.

Defendant claims that this testimony constituted an "evidentiary harpoon" by which the prosecutor improperly placed defendant's past criminal history before the jury. The record does not reveal any evil intent on the part of the prosecutor. The question clearly called for an in-the-flesh observation of defendant. Nevertheless, the prosecutor then questioned the witness about photographs and established that, indeed, the witness could not pick out defendant from among the photographs he had seen. The net effect of Mr. Kuzma's testimony was that he never saw a "mug shot" of defendant.

Cases in which the introduction of a mug shot was found to be prejudicial, e. g. *Blue v. State*, (1968) 250 Ind. 249, 235 N.E.2d 471, are inapposite here. In context, the witness's remark did not place defendant in such grave peril so as to render it incurable by a proper admonishment to the jury.

For the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.