**Shukree Abdulla NADIR (Willie Love), Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1184S456.

Supreme Court of Indiana.

March 25, 1987.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following a jury trial in 1975, petitioner-appellant Shukree Abdulla Nadir [1] was con-

---

1. Pursuant to petitioner's request, the Grant Cir-    cuit Court issued an order in 1984 effecting

victed of first degree murder[2] and sentenced to life imprisonment. This Court affirmed his conviction on direct appeal in *Love v. State* (1977), 267 Ind. 302, 369 N.E.2d 1073. In November, 1978, Nadir, by counsel, filed a petition for post-conviction relief alleging ineffective assistance of trial counsel. Following numerous delays, a hearing was held in June, 1981, after which the post-conviction court denied the petition. In this belated appeal, we review the sole issue of whether Nadir received effective assistance of counsel at trial.

As petitioner, Nadir had the burden of proving the allegations in his petition by a preponderance of the evidence. We review his case as an appeal from a negative judgment, and will reverse the judgment of the post-conviction court as being contrary to law only if, considering only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

In affirming Nadir's conviction on direct appeal, this Court stated the facts as follows:

> The decedent's father went to the Marshall Tavern on the evening of January 18, 1975. As he was leaving, Carolyn Johnson approached him and requested a ride, which he gave her. Miss Johnson had been dating the defendant about five months and was at the tavern with the defendant and some of his friends. At the corner of Seventeenth and McClure in Marion, Indiana, the defendant rammed his car into the rear of the senior Walker's auto. The accident occurred almost directly in front of the decedent's home. The defendant and the decedent's father began arguing and were joined by the decedent. The defendant then got into his black and white Toronado and drove away. The other three, the decedent, his father and Miss Johnson, went into the decedent's home to call the police. This took approximately three to five minutes; whereupon, the three went outside to determine the extent of the damage to the elder Walker's car. Approximately the same time, the defendant returned, driving the same car, and opened fire with a rifle, killing the younger Walker.

267 Ind. at 303–304, 369 N.E.2d at 1074.

Nadir concedes that the State presented adequate evidence of his guilt at trial. His principal complaint with regard to his trial attorney's representation rests on his claim that an intoxication defense should have been presented. Defendant contends that his trial attorney failed to interview key witnesses and elicit sufficient facts to make an informed decision regarding the efficacy of an intoxication defense. Defendant further argues that his trial attorney failed to discover and present evidence of the extent of Nadir's alleged injuries received in the altercation with decedent and decedent's father shortly before the shooting.

■ Reversal for ineffective assistance of counsel is appropriate in cases where a defendant shows both (a) deficient performance by counsel, and (b) resulting prejudice from errors of counsel so serious as to deprive the defendant of a trial whose result is reliable. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised though the distortion of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Strickland, supra; Burr v. State* (1986), Ind., 492 N.E.2d 306; *Price v. State* (1985), Ind., 482 N.E.2d 719; *Jackson v. State* (1985), Ind., 483 N.E.2d 1374; *Seaton v. State* (1985), Ind., 478

petitioner's change of name from Willie L. Love to Shukree Abdulla Nadir.

2. Ind.Code Ann. § 35–13–4–1 (Burns 1972) [Repealed by Acts 1976, P.L. 148, § 24].

N.E.2d 51. Applying this analysis to the case at bar, we hold that Nadir's representation at trial does not warrant reversal.

At the post-conviction hearing, Nadir presented four witnesses who testified about Nadir's drinking activities on the day of the shooting. Despite the discrepancies in the testimony concerning the level of Nadir's intoxication, the evidence indicates that Nadir consumed beer and whiskey for the better part of the day yet maintained an ability to play cards well and drive his car.

■ To present an intoxication defense would have implied an admission that defendant committed the shooting. Rather than relying on the intoxication defense, Nadir's trial attorney elected to defend on the theory that the prosecution could not prove guilt beyond a reasonable doubt. At trial, two of the State's primary witnesses were unable to positively identify Nadir as the assailant, and the State was unable to establish Nadir's ownership of the murder weapon. We therefore reject Nadir's assertion that his defense amounted to nothing more than a "hopeless charade." The decisions of Nadir's trial attorney were strategic choices based on professional judgment.

We do not find that the evidence at the post-conviction hearing is without conflict and leads to the conclusion that Nadir was denied effective assistance of counsel.

The judgment of the post-conviction court is therefore affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.