Basil **BRADFORD**, Petitioner–Appellant,

v.

**STATE of Indiana,**
**Respondent–Appellee.**

No. 89A01–8705–PC–00111.

Court of Appeals of Indiana,
First District.

Jan. 12, 1988.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Basil Bradford (Bradford), appeals the decision of the Wayne Superior Court I denying his petition for post-conviction relief.

We affirm.

## STATEMENT OF THE FACTS

On January 13, 1984, Bradford was charged by Information with burglary, a Class B felony. He was tried by a jury and convicted on April 17, 1984. The evidence showed that a witness observed Bradford, clad in a ski mask, approach and enter through a window, a first-floor apartment in Richmond, Indiana. The witness subsequently called the police who captured Bradford inside the apartment. Bradford was placed under arrest and informed of his *Miranda* rights. Nothing had been removed from the apartment. However, a decorative glass with flowers had been moved from a stereo, a speaker upon which the silk flowers were resting had been moved, and the stereo antenna had been disconnected.

Bradford admitted the foregoing, but explained that he was cold and entered the apartment to warm himself. After doing so he left, but subsequently returned after discovering that he had left his keys at the apartment. He re-entered the apartment and was attempting to leave when the police arrived. After offering this exculpatory story, he was questioned by the prosecutor. During questioning the prosecutor asked Bradford if he had told the police he was in the apartment because it was cold. Trial counsel did not register an objection to this testimony, nor did appellate counsel raise it as error on direct appeal.

Bradford filed a pro se petition for post-conviction relief on September 26, 1985. His counsel filed an amended petition on July 16, 1986, alleging, inter alia, that Bradford's trial counsel rendered ineffective assistance by failing to object when the prosecutor commented on Bradford's post-arrest silence. The petition also alleged ineffective assistance on behalf of appellate counsel for failing to raise the adequacy of trial counsel as error. On July 16, 1987, following an evidentiary hearing, the post-conviction court denied Bradford's request for relief, finding that he failed to establish that he was prejudiced by either trial or appellate counsel's performance. Bradford subsequently instituted this appeal.

## ISSUE

Whether the post-conviction court erred in determining that Bradford received effective assistance of trial and appellate counsel.

## DISCUSSION AND DECISION

Bradford argues that he received ineffective assistance of counsel. The standard for judging the adequacy of counsel's performance is that of reasonably effective assistance. In order to prevail on his claim, Bradford must prove by a preponderance of the evidence that counsel's performance was deficient and that his defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Judicial scrutiny of counsel's

performance is highly deferential. It should not be exercised by second-guessing counsel's actions after learning they may not have been appropriate. There is a strong presumption that counsel's assistance fell within prevailing professional norms, and an appellant is required to present strong and convincing evidence to rebut that presumption. *Strickland, supra.* Moreover, a showing of inexperience, isolated incidents of poor strategy, or bad tactics does not necessarily establish ineffective assistance of counsel. *Nadir v. State* (1987), Ind., 505 N.E.2d 440.

Bradford points to a number of alleged deficiencies to support his claim that he was denied effective assistance of counsel. Primarily, Bradford points to his counsel's failure to object when the prosecutor questioned him regarding whether he had given the police his exculpatory version of events when he was arrested. Bradford maintains that this was an improper comment upon his post-arrest silence in violation of *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91.

■ When an ineffective assistance claim is premised upon a failure to object, there must, at a minimum, be a showing that if the objection was made it would have been sustained. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394. However, the mere failure to object does not necessarily rise to the level of ineffective assistance. Assuming that the testimony in question was inadmissible as an improper comment upon Bradford's post-arrest silence, he must also demonstrate that the failure to object to the presentation of such evidence prejudiced his defense. In making this determination it is necessary to look at the totality of the evidence to ascertain whether, but for counsel's errors, there is a reasonable probability that the outcome would have been different. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland, supra,* 466 U.S. at 696, 104 S.Ct. at 2069.

■ The evidence presented at Bradford's trial was overwhelming. The victim testified that she had left her apartment locked. A witness testified that she observed Bradford pry open a window, remove the screen, and enter the apartment through the window. Bradford was caught inside the apartment by police. Although nothing was missing from the apartment, a stereo speaker had been moved and the stereo antenna had been disconnected. The case was in fact indefensible, the evidence overwhelming, and the jury was not obligated to believe Bradford's preposterous explanation for his presence in the apartment. The prosecutor's comments added nothing. Bradford's defense was not prejudiced.

■ Bradford also contends that he was denied effective assistance of counsel because he was not present for several pretrial depositions and because the prosecutor and defense counsel jointly stipulated that he was wearing a ski mask on the day of his arrest. Bradford has failed to demonstrate that counsel's conduct constituted ineffective assistance. Bradford claims he did not receive full information about his case and was prevented from suggesting potential questions to counsel. The law is clear that inadequate consultation will not, by itself, establish ineffective assistance. Moreover, a criminal defendant does not have the right to be present at a deposition taken prior to trial. *Gallagher v. State* (1984), Ind.App., 466 N.E.2d 1382. Additionally, Bradford has failed to state what questions he may have offered to counsel or how the result in his case would have been different. With regard to the stipulation, as stated above, isolated instances of bad tactics do not establish ineffective assistance of counsel. *Nadir, supra.* Even assuming that entering the stipulation was unreasonable, we fail to see how Bradford was prejudiced. Bradford argues he was prejudiced because he was wearing an open-faced toboggan cap rather than a ski mask at the time of his arrest. However, on recross, Bradford admitted he was wearing a ski mask because it was cold. Furthermore, as noted above, Bradford was caught inside the apartment. Identity was not at issue. We fail to see the rele-

vance of his argument. The post-conviction court did not err by failing to find Bradford's trial counsel was ineffective.

 Bradford also alleges that he received ineffective assistance of appellate counsel because he failed to raise the competency of trial counsel. Since we have determined that Bradford's trial counsel did not render ineffective assistance, it necessarily follows that his appellate counsel was not deficient for failing to raise these transgressions or the adequacy of trial counsel. Likewise, the post-conviction court did not err in finding that Bradford received effective assistance of appellate counsel.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.