Shukree Abdulla NADIR, Petitioner,

v.

Richard CLARK, and Indiana Attorney General, Respondents.

Civ. No. S 90–96.

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 17, 1990.

Shukree Abdulla Nadir, pro se.

Robert Wente, Deputy Atty. Gen., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On March 7, 1990, *pro se* petitioner, Shukree Abdulla Nadir, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed on May 10, 1990, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

The petitioner, formerly known as Willie L. Love, was convicted of first degree murder in the Grant Circuit Court in Marion,

Indiana on January 14, 1976. He was sentenced to a term of life imprisonment. A direct appeal was taken to the Supreme court of Indiana which unanimously affirmed the aforesaid conviction in an opinion reported as *Love v. State,* 267 Ind. 302, 369 N.E.2d 1073 (1977). Thereafter, the petitioner filed a petition for post-conviction relief in the aforesaid state trial court which was denied. An appeal was taken to the Supreme Court of Indiana which affirmed the denial in an opinion reported in *Love v. State,* 505 N.E.2d 440 (Ind.1987). The memorandum filed by the Attorney General on May 10, 1990, recites that copies of the aforesaid opinions were attached, however, the same were *not attached.* Attaching the same would greatly serve the convenience of this court.

In the present petition, three issues are raised: (1) ineffective assistance of counsel; (2) sufficiency of evidence, and (3) error in overruling the motion for mistrial. The Supreme Court of Indiana set out the basic facts in *Love v. State,* 369 N.E.2d at 1074,[1] as follows:

The decedent's father went to the Marshall Tavern on the evening of January 18, 1975. As he was leaving, Carolyn Johnson approached him and requested a ride, which he gave her. Miss Johnson had been dating the defendant about five months and was at the tavern with the defendant and some of his friends. At the corner of Seventeenth and McClure in Marion, Indiana, the defendant rammed his car into the rear of the senior Walker's auto. The accident occurred almost directly in front of the decedent's home. The defendant and the decedent's father began arguing and were joined by the decedent. The defendant then got into his black and white Toronado and drove away. The other three, the decedent, his father and Miss Johnson went into the decedent's home to call the police. This took approximately three to five minutes; whereupon, the three went outside to determine the extent of the damage to the elder Walker's car. Approximately the same time, the defen-

dant returned, driving the same car, and opened fire with a rifle, killing the younger Walker.

## I.

The petitioner has a laundry list of approximately eight areas in which he claims that his state trial counsel was ineffective under the Sixth Amendment of the Constitution of the United States, as outlined in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The eight allegations of ineffectiveness are:

1. Counsel failed to have his client testify in his own behalf in order to demonstrate an intoxication defense; and

2. Counsel failed to investigate the case to prepare for defense;

3. Counsel failed to file any pretrial motion to prepare for defense;

4. Counsel failed to interview State witnesses;

5. Counsel failed to take depositions to see what witnesses were going to testify to before trial;

6. Counsel never made any preparation for trial;

7. Counsel even withdrew the Petitioner's plea of not guilty and entered a plea of guilty; and

8. Counsel, after being informed by the Petitioner that he had no intention of pleading guilty, turned right around and made a motion to withdraw the guilty plea.

There is a very close question presented here as to whether these specific allegations of ineffectiveness of counsel have been fairly presented in the first instance to the courts of the State of Indiana. *See Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). It is not disputed that some of these assertions of ineffective assistance of counsel, but not all, were presented in the petition for post-conviction relief. This court will resolve this very close issue in favor of the petitioner and will with some considerable reluctance proceed to try to sort through the allegations that are made here with refer-

---

1. The facts are also set out in *Love v. State,* 505     N.E.2d 440, 441 (Ind.1987).

ence to the ineffective assistance of his state trial counsel.

■ Under *Strickland v. Washington*, 466 U.S. at 668, 104 S.Ct. at 2054–55, there must be both a failure of reasonable professional performance by defense counsel and an actual prejudice resulting from said failure. It is elementary that the burden in on the petitioner to establish actual ineffectiveness and prejudice. *See United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The court's scrutiny of counsel's performance must be conducted with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

The petitioner's principal complaint appears to be with regard to his trial attorney's decision not to present an intoxication defense. The Supreme Court of Indiana dealt specifically with the question of ineffective assistance of counsel in *Love v. State*, 505 N.E.2d at 442 where it stated:

> To present an intoxication defense would have implied an admission that defendant committed the shooting. Rather than relying on the intoxication defense, Nadir's trial attorney elected to defend on the theory that the prosecution could not prove guilt beyond a reasonable doubt. At trial, two of the State's primary witnesses were unable to positively identify Nadir as the assailant, and the State was unable to establish Nadir's ownership of the murder weapon. We therefore reject Nadir's assertion that his defense amounted to nothing more than a "hopeless charade." The decisions of Nadir's trial attorney were strategic choices based on professional judgment.

■ After reviewing the record, the Supreme Court of Indiana concluded that the petitioner's Sixth Amendment rights to adequate representation had not been violated. Such a conclusion under *Strickland* is a question of law and is not a finding of fact subject to the presumption of correctness standard of 28 U.S.C. § 2254(d). *Galowski v. Murphy*, 891 F.2d 629, 635 (7th Cir.1989), *cert. denied,* — U.S. ——, 110

S.Ct. 1953, 109 L.Ed.2d 315 (1990). The court has therefore made an independent examination of the state court record. *See Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). Here, this petitioner's attorney, after carefully investigating the facts of the case and talking to witnesses, chose to forego an intoxication defense and defend on the theory that the prosecution could not prove guilt beyond a reasonable doubt. The decision made by the petitioner's attorney does not violate the standards announced in *Strickland* and is not properly examined under the omniscience of hindsight. Therefore, no basis for granting a writ is established with regard to that issue.

## II.

■ The petitioner also asserts that the evidence was insufficient to permit a rational trier of fact to find the petitioner guilty beyond a reasonable doubt under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia, Id.* at 323, 99 S.Ct. at 2791, stated:

> A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be

achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

The Supreme Court in *Jackson* held:

We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.

*Id.* (footnote omitted). *See also Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Dooley v. Duckworth,* 832 F.2d 445 (7th Cir.1987), *cert. denied,* 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 438 (1988); *United States ex rel. Haywood v. O'Leary,* 827 F.2d 52 (7th Cir.1987); *Bryan v. Warden, Indiana State Reformatory,* 820 F.2d 217 (7th Cir.), *cert. denied,* 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987); *Shepard v. Lane,* 818 F.2d 615 (7th Cir.), *cert. denied,* 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987); and *Perri v. Director, Department of Corrections,* 817 F.2d 448 (7th Cir.), *cert. denied,* 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987).

A review of the record in the light most favorable to the prosecution convinces the court that a rational trier of fact could readily have found the petitioner guilty beyond a reasonable doubt of first degree murder.

The evidence to say the very least that supports this conviction is overwhelming. The petitioner was identified as the individual who rammed into Moses Walker's car and instigated an altercation. After leaving the scene, the petitioner returned driving the same car he used to ram the elder Walker's car. The petitioner's girlfriend identified the voice of the trigger man as that of the petitioner. In addition, pieces of an automobile grill found at the scene of the crime matched the damaged grill of the petitioner's car, and the petitioner's car was found five or six blocks away from the scene. Finally, Jarlene Walker, the wife of the victim, positively identified the petitioner as the trigger man.

## III.

Lastly, the petitioner asserts that the state trial judge should have granted a mistrial. During the course of the trial, the state prosecutor was in the process of introducing the rifle as an exhibit when counsel for the petitioner noticed that there was a small tag attached to the rifle upon which the petitioner's name was inscribed. The motion for mistrial ensued and the state trial judge overruled it. The state trial judge overruled the motion noting that there was no reason to believe that any member of the jury could have seen the small writing from the distance involved and quite appropriately, as indicated in the record at pages 273–277, the state trial judge had the tag removed.

The petitioner argues that because the prosecution was unable to establish that the aforesaid rifle actually belonged to the petitioner, the jury might have in some way been prejudiced by this small tag incident. There is absolutely nothing in the record to support any such conclusion. This court must examine this issue and other issues in terms of the mandates of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. This court does not sit as a court of general review on state criminal convictions. There is nothing to indicate that the mandates of the Fourteenth Amendment of the Constitution were in any way violated in this regard, and the state trial judge appropriately and carefully dealt with the situation without violating any of the petitioner's constitutional rights.

A careful review of the record in this case resolving a number of doubts in favor of the petitioner simply fails to demonstrate that there is a basis for the granting of the writ under 28 U.S.C. § 2254. The writ is now DENIED. IT IS SO ORDERED.