948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Shukree A. NADIR, Petitioner-Appellant,
v.
Richard CLARK, et al., Respondents-Appellees.
 No. 90-3011.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Shukree A. Nadir filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied his petition, and we affirm.
 
 
 2
 * In 1975 Nadir (then known as Willie L. Love) was tried for the murder of Moses Allen Walker. The evidence at trial showed:
 
 
 3
 The decedent's father went to the Marshall Tavern on the evening of January 18, 1975. As he was leaving, Carolyn Johnson approached him and requested a ride, which he gave her. Miss Johnson had been dating the defendant about five months and was at the tavern with the defendant and some of his friends. At the corner of Seventeenth and McClure in Marion, Indiana, the defendant rammed his car into the rear of the senior Walker's auto. The accident occurred almost directly in front of the decedent's home. The defendant and the decedent's father began arguing and were joined by the decedent. The defendant then got into his black and white Toronado and drove away. The other three, the decedent, his father and Miss Johnson, went into the decedent's home to call the police. This took approximately three to five minutes; whereupon, the three went outside to determine the extent of the damage to the elder Walker's car. Approximately the same time, the defendant returned, driving the same car, and opened fire with a rifle, killing the younger Walker.
 
 
 4
 Love v. State, 267 Ind. 302, 303-04, 369 N.E.2d 1073, 1074 (1977). Nadir's trial attorney chose to defend the case on the theory that the prosecution could not prove guilt beyond a reasonable doubt. The jury convicted Nadir of murder.
 
 
 5
 Nadir took a direct appeal to the Supreme Court of Indiana, raising two issues: whether the jury had sufficient evidence to convict and whether the trial court should have granted a mistrial. The court affirmed. Nadir then filed a petition for post-conviction relief. This time he argued that his trial counsel was ineffective in failing to present an intoxication defense at trial. The Supreme Court of Indiana rejected this argument. Nadir v. State, 505 N.E.2d 440 (Ind.1987). In this court Nadir raises the three issues both the state courts and the district court have decided against him.
 
 II
 A. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 6
 Nadir contends that his lawyer was deficient in eight specific ways. Some of these allegations were presented to the Indiana courts but others were not. Those not fairly presented to Indiana courts are foreclosed here unless Nadir can show cause and prejudice (which he has not tried to do). Coleman v. Thompson, 111 S.Ct. 2546 (1991); Balfour v. Haws, 892 F.2d 556, 562 (7th Cir.1989). Only issues related to counsel's failure to present an intoxication defense are open.
 
 
 7
 Strickland v. Washington, 466 U.S. 668 (1984), sets the standard. Counsel is ineffective only if: (1) his performance is deficient, and (2) his actions caused serious prejudice. We need consider only the first part of the Strickland test, because his counsel's performance was not deficient.
 
 
 8
 Deficient performance means errors must be "so serious that counsel was not functioning as 'counsel' as guaranteed by the sixth amendment." 466 U.S. at 687. In addition, the conduct must fall outside of "the range of competence demanded by attorneys in criminal cases." Id. at 687-88. Courts must be "highly deferential" and not second-guess the attorney's conduct with the benefit of hindsight. Id. at 689. Nadir has not established that his attorney provided ineffective assistance. On the contrary, counsel made a logical decision to defend on the theory that the prosecution could not prove guilt beyond a reasonable doubt.
 
 
 9
 First, the potential lines of defense were mutually exclusive. As the Supreme Court of Indiana noted, "to present an intoxication defense would have implied an admission that the defendant committed the shooting." 505 N.E.2d at 442. The attorney therefore had to choose.
 
 
 10
 Counsel had rational reasons for believing that the state did not have enough proof. To see this, you need only recall that even now Nadir is pressing a sufficiency claim under Jackson v. Virginia, 443 U.S. 307 (1979). "[T]wo of the State's primary witnesses were unable to establish Nadir as the assailant, and the State was unable to establish Nadir's ownership of the murder weapon." 505 N.E.2d at 442. The other line, intoxication, is difficult to establish as a defense under Indiana law. Stout v. State, 262 Ind. 538, 541, 391 N.E.2d 123, 124 (1974). Intoxication excuses an offense only if it renders a person incapable of forming a specific mental state which is an element of the crime. Intoxication is no defense for a defendant who is able to function normally and plan his crime.
 
 
 11
 Like the defendant in Keys v. Duckworth, 761 F.2d 390 (7th Cir.1985), Nadir was capable of planning his actions. The record shows that he left the decedent's home after an argument and returned with a gun. Nadir, 505 N.E.2d at 441. Such planning makes it hard to show that he was too drunk to entertain the specific intent required for murder.
 
 B. SUFFICIENCY OF THE EVIDENCE
 
 12
 Nadir also claims that the evidence against him was insufficient. He contends first that the state did not adequately prove that he shot the decedent, and second that he acted in the heat of passion and so should have been convicted of manslaughter, not murder. Our standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 319.
 
 
 13
 The prosecution presented two eyewitnesses who identified Nadir as the assailant. This was enough to allow a reasonable trier of fact to conclude beyond a reasonable doubt that Nadir shot the decedent.
 
 
 14
 Nadir argues that the state did not prove "premeditated malice" as required by the applicable Indiana murder statute. Ind.Code. § 35-13-4-2 (1975). He argues that the decedent stabbed him, after which he acted in the "heat of passion". Nadir raised this issue on direct appeal. The Supreme Court of Indiana rejected Nadir's argument because he presented no evidence to prove that the stabbing occurred. 267 Ind. at 305, 369 N.E.2d at 1075. These findings have support in the record, and so are conclusive here. 42 U.S.C. § 2254(d)(8).
 
 C. REFUSAL TO GRANT A MISTRIAL
 
 15
 Nadir's final contention is that the state denied him due process by refusing to grant a mistrial when the prosecution labeled the murder weapon. It initially bore a small tag with his name on it. The tag was removed before the gun went to the jury, but Nadir argues that jurors in the courtroom may have seen the tag and assumed that the gun belonged to him.
 
 
 16
 Procedural and evidentiary errors committed in the course of a state criminal trial are generally not a ground for collateral relief. Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir.1989); Dudley v. Duckworth, 854 F.2d 967, 970 (7th Cir.1988). Errors must be "of such a magnitude that the result is a denial of fundamental fairness." Dudley, 854 F.2d at 970. Nadir has not shown this court that the judge's refusal to declare a mistrial made his conviction fundamentally unfair. The trial judge did not believe that the jurors saw the tag. He could effectively make this assessment; nothing undermines his conclusion.
 
 
 17
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record