Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**KRISTIN MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jan 31 2013, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD KEITH LAZUR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1207-CR-358 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1203-FD-64

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following a jury trial in May 2012, at which he was convicted of attempted residential entry as a Class D felony,[1] Richard Keith Lazur appeals his conviction contending that the trial court abused its discretion by denying his motion for a mistrial due to a violation of a pre-trial order in limine. We affirm.

Prior to the trial, the trial court granted Lazur's motion in limine prohibiting the introduction of evidence of other crimes or acts of misconduct by the defendant. During the trial, the following exchange occurred as the deputy prosecutor examined the arresting officer:

Q.   Did you respond to a call around 4:20 p.m.?

A.   Yes.

Q.   And what was that call?

A.   We got dispatched to 4338 E. 21st Avenue for a male subject stole some prescription medication from

Q.   Let me stop you there.

*Tr.* at 70.

Following this exchange, Lazur objected, and the trial court had the jury removed from the courtroom. Lazur then moved for a mistrial claiming prejudice due to the damaging evidence which was placed before the jury contrary to the order in limine. The trial court denied the request for a mistrial, but admonished the jury to disregard the issue of the prescription drugs.

---

[1] *See* Ind. Code §§ 35-43-2-1.5, 35-41-5-1.

On appeal, Lazur claims that he was denied a fair trial and placed in grave peril due to the above exchange, that the exchange "let the cat out of the bag," and that the resulting prejudice could not be cured by a jury admonition. We disagree.

Granting a mistrial is within the sound discretion of the trial judge. *Duke v. State*, 249 Ind. 466, 469, 233 N.E.2d 159, 161 (1968). Absent an abuse of that discretion, a reviewing court will not disturb a trial court's ruling. *Love v. State*, 267 Ind. 302, 306, 369 N.E.2d 1073, 1075 (1977). The remedy of mistrial is extreme, strong medicine that should be prescribed only when "no other action can be expected to remedy the situation" at the trial level. *Lucio v.* State, 907 N.E.2d 1008, 1010-11 (Ind. 2009). Even if evidence of uncharged misconduct is heard by the jury, a prompt admonishment to the jury to disregard the improper testimony is usually enough to support a denial of a motion for mistrial. *Schlomer v. State*, 580 N.E.2d 950, 956 (Ind. 1991).

Indiana Evidence Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." To determine if testimony of prior uncharged misconduct should warrant a new trial, however, "the circumstances must be analyzed as to whether the evidence was intentionally injected or came in inadvertently and as to what degree the defendant was subjected to improper speculation by the jury." *Greenlee v. State,* 655 N.E.2d 488, 490 (Ind. 1995).

Here, there was no showing that the objectionable material was intentionally placed before the jury by the prosecution or the arresting officer or that the defendant was subjected to improper speculation by the jury. On the date in question, the officer

3

received two calls to the vicinity. The first was in regard to a theft of prescription medication. At no time did the officer reference Lazur in regard to that investigation, and, indeed, the officer referenced 4338 E. 21st Avenue in regard to the theft investigation. Lazur resided at 4328 East 21st Avenue, not 4338, and was never tied to the 4338 address or to the alleged theft. The deputy prosecutor's question to the arresting officer specifically referenced the 4:20 p.m. call which was the time of the call regarding the attempted entry. Finally, the trial court admonished the jury to ignore the challenged testimony and to decide the residential entry case and nothing else.

The officer's testimony regarding the earlier call was a fleeting reference that was not tied to Lazur. No other witness made reference to the call or any alleged misconduct on the part of Lazur, and the State did not refer to the call at any other time during trial testimony or closing argument. The trial court did not abuse its discretion in denying the motion for mistrial.

Affirmed.

MATHIAS, J., and CRONE, J., concur.