## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 5:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Robert Williams
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Williams, *Appellant-Defendant,* | January 31, 2019 |
| v. | Court of Appeals Case No. 49A02-1710-PC-2546 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Helen Marchal, Judge |
| | The Honorable Stanley Kroh, Magistrate |
| | Trial Court Cause No. 49F15-9012-PC-154496 |

**May, Judge.**

[1] Robert Williams appeals the denial of his petition for post-conviction relief. He presents multiple issues for our review, which we consolidate and restate as:

> 1. Whether Williams received ineffective assistance of counsel during his guilty plea hearing; and

> 2. Whether the post-conviction court committed error by allegedly adopting the State's proposed findings of fact and conclusions of law.

We affirm.

## Facts and Procedural History

[2] On December 17, 1990, the State charged Williams with Class D felony theft.[1] On April 25, 1991, Williams entered a plea agreement with the State whereby Williams would plead guilty as charged and receive a sentence of one year, in exchange for the State declining to file habitual offender charges against Williams based on prior unrelated convictions. Williams and his attorney, Lori Howard, signed the plea agreement.

[3] On June 13, 1991, the trial court held a change of plea and sentencing hearing. Howard was not present at that hearing, and Maureen Keefe acted as counsel in Howard's absence. The trial court accepted Williams' plea and heard a factual basis therefor, ensured Williams understood the relinquishment of

---

[1] Ind. Code § 35-43-4-2(a) (1986).

certain rights by taking the plea, and sentenced him according to the plea agreement.

[4] On March 14, 2012, Williams filed a *pro se* petition for post-conviction relief, alleging he was not represented at the change of plea hearing. That petition was dismissed without prejudice on December 16, 2013. On August 11, 2014, Williams refiled his petition for post-conviction relief and amended that petition in July 2016. On January 11, 2017, the post-conviction court held an evidentiary hearing on Williams' petition for post-conviction relief. Williams did not testify at that hearing, nor did he call any witnesses. After the evidentiary hearing, the post-conviction court directed the parties to file proposed findings of fact and conclusions of law. On October 6, 2017, the post-conviction court issued an order denying Williams' petition.

# Discussion and Decision

[5] Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002), *reh'g denied, cert. denied sub nom. Davidson v. Indiana*, 537 U.S. 1122 (2003). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id.* A party appealing a negative post-conviction judgment must establish the evidence is without conflict and, as a whole, unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings

of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quoting *State v. Moore*, 678 N.E.2d 1258, 1261 (Ind. 1997), *cert. denied*, 523 U.S. 1079 (1998)), *reh'g denied, cert. denied sub nom. Ben-Yisrayl v. Indiana*, 534 U.S. 830 (2001). The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004).

## Ineffective Assistance of Counsel

[6] In reviewing a claim of ineffective assistance of counsel, we begin with a strong presumption "that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012), *reh'g denied*. Trial counsel has wide latitude in selecting trial strategy and tactics, which choices will be subjected to deferential review. *Id*. A petitioner must offer "strong and convincing evidence to overcome this presumption" of adequate assistance and reasonable professional judgment. *Ben-Yisrayl*, 729 N.E.2d at 106.

[7] To demonstrate ineffective assistance, a petitioner must establish both deficient performance and resulting prejudice. *Pontius v. State*, 930 N.E.2d 1212, 1219 (Ind. Ct. App. 2010), *trans. denied*. Performance is deficient when trial counsel's representation falls below an objective standard of reasonableness causing

errors sufficiently serious to amount to a denial of a defendant's Sixth Amendment right to counsel. *Wesley v. State*, 788 N.E.2d 1247, 1252 (Ind. 2003), *reh'g denied*. A fair evaluation of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight by evaluating the challenged conduct from counsel's perspective at the time. *Nadir v. State*, 505 N.E.2d 440, 441 (Ind. 1987). Prejudice is established when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Id.* If a petitioner did not establish prejudice, we need not evaluate trial counsel's performance. *Pontius*, 930 N.E.2d at 1219.

[8] Williams argues he did not receive assistance of counsel at the change of plea hearing because his original public defender, Howard, was not present at the hearing. Instead, Howard's colleague, Keefe, was present. Williams contends the State did not prove Keefe was an attorney, and thus he was not represented at the change of plea hearing.

[9] Regarding this issue, the post-conviction court found:

> 4. On June 13, 1991, the Trial Court conducted Petitioner's Guilty Plea and Sentencing, Attorney. [sic] The Trial Court's Order of Judgment of Convictions reveals that attorney "M. Keefe," appeared at the Plea and Sentencing on behalf of attorney Lori Howard. The Post-Conviction court, relying on its familiarity with Marion County Criminal Defense Bar of the early 1990's is confident that the respective attorneys were Lori Howard and Maureen Keefe, both of whom were Marion County Deputy Public Defenders.

(Appealed Order at 2.)

[10] During the Post-Conviction proceedings, the State presented a copy of the Abstract of Judgment, which listed "M. Keefee [sic]" as the Defense Attorney, (App. Vol. II at 36), and the Order of Judgment of Conviction, which indicated Williams appeared in person and "by counsel, M. Keefe for L. Howard[.]" (*Id.* at 37.) Finally, during the change of plea hearing, the following exchange occurred between Williams and the Judge:

> [Judge]: And are you satisfied with your attorney's representations in this matter?
>
> [Williams]: Yes.
>
> [Judge]: Now you understand this lawyer didn't represent you; your regular P.D.'s gone today. Do you think this one knows enough about your case to advise you to go ahead with this?
>
> [Williams]: Yeah, well, I guess. . . I don't know. . .
>
> [Judge]: Well - what do you think?
>
> [Williams]: I mean you're asking me - whether she knows enough about it?
>
> [Judge]: Well . . . do you have any reason not to go ahead with this? I mean . . . this - this Lori Howard negotiated this plea agreement for you.
>
> [Williams]: Right . . .

[Judge]:      And it calls for - the penalty is one year - that's it.
She doesn't have to be here to argue what the sentence would be;
she's already agreed with the prosecutor as to what that would
be.  And, eh - does that satisfy you?

[Williams]:   Yes.

[Judge]:      Do you want to go ahead with it today?

[Williams]:   Yes.

[Judge]:      I'll ask the public defender - did you know enough
about it to advise him to go ahead with it?

[Keefe]:      Yes - it's a simple theft case, Judge.

(Change of Plea Hearing Tr. at 14-15.)  Williams' argument is an invitation for
us to reweigh the evidence, which we cannot do.  *See Fisher*, 810 N.E.2d at 679
(appellate court will not reweigh evidence or judge the credibility of witnesses).

[11]   Even if there had been an error, Williams was not prejudiced in any way by
Keefe's representation at the change of plea hearing.  "[I]n order to establish
that the guilty plea would not have been entered if counsel had performed
adequately, the petitioner must show that a defense was overlooked or impaired
and that the defense would likely have changed the outcome of the
proceeding."  *Segura v. State*, 749 N.E.2d 496, 499 (Ind. 2001).  As noted in the
transcript, Howard negotiated the plea and the corresponding sentence prior to

the change of plea hearing. Williams and Howard signed the plea on April 25, 1991. (App. Vol. II at 32.)

[12] Williams received substantial benefit from the plea. The State was prepared to offer testimony from store security that Williams hid merchandise and left the store without paying for it. The State also had closed circuit television footage of Williams committing the crime. The State was prepared to file a habitual offender charge based on Williams' past convictions, which could have increased his sentence by at least ten years. *See* Ind. Code § 35-50-2-8(e) (1990) (sentencing guidelines for habitual offender adjudications). The State agreed to waive that charge in exchange for Williams' plea. In addition, Williams received a one-year sentence for a Class D felony, which was less than the one-and-one-half-year presumptive sentence. *See* Ind. Code § 35-50-2-7(a) (1990) (person who commits a Class D felony "shall be imprisoned for a fixed term of one and one-half (1 ½) years, with . . . not more than one (1) year subtracted for mitigating circumstances").

[13] At the change of plea hearing, Williams responded in the affirmative to all questions regarding the relinquishment of any rights associated with his plea. He indicated he was satisfied with Howard's performance and eventually acquiesced to Keefe's representation. The trial court accepted the plea as signed by Williams, Howard, and the State. Williams has not demonstrated he suffered prejudice by Keefe's representation at his change of plea hearing. *See Willoughby v. State,* 792 N.E.2d 560, 563 (Ind. Ct. App. 2003) (petitioner must

establish that his decision to enter a plea was influence by the ineffective assistance of his counsel), *trans. denied.*

## Post-Conviction Court's Findings and Conclusions[2]

Williams alleges the trial court copied the State's proposed findings and conclusions of law *verbatim*, and to do so was error. Our Indiana Supreme Court has explained:

> It is not uncommon for a trial court to enter findings that are verbatim reproductions of submissions by the prevailing party. The trial courts of this state are faced with an enormous volume of cases and few have the law clerks and other resources that would be available in a more perfect world to help craft more elegant trial court findings and legal reasoning. We recognize that the need to keep the docket moving is properly a high priority of our trial bench. For this reason, we do not prohibit the practice of adopting a party's proposed findings. But when this occurs, there is an inevitable erosion of the confidence of an appellate court that the findings reflect the considered judgment of the trial court.

*Prowell v. State*, 741 N.E.2d 704, 708-9 (Ind. 2001). "The critical inquiry is whether the findings adopted by the court are clearly erroneous." *Saylor v.*

---

[2] Williams also argues the post-conviction court erred when it did not allow him to testify or present evidence at the post-conviction hearing. However, Williams answered in the affirmative when the trial court asked if he wanted to "rest on the transcripts and then [he] will file [his] written argument[.]" (PC Tr. at 2-3.) He now claims on appeal the trial court prevented him from presenting evidence at the post-conviction hearing and he is "a lay person, with limited vocabulary [who] never realized that some words of legal magic needed to be announced in order to testify." (Reply Br. of Appellant at 4.) As we hold *pro se* litigants to the same standards as licensed attorneys, *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*, Williams' argument fails.

*State*, 765 N.E.2d 535, 565 (Ind. 2002), *reversed on other unrelated grounds on reh'g*, 808 N.E.2d 646 (Ind. 2004).

[15] Here, the State agrees the post-conviction court's order is very similar to the State's proposed order, absent a few grammatical and stylistic changes. However, as we determined *supra* that the post-conviction court's findings and conclusions were not erroneous, the post-conviction court did not commit error when it adopted the majority of the State's proposed findings and conclusions into its final order. *See Pruitt v. State*, 903 N.E.2d 899, 940 (Ind. 2009) (affirming post-conviction's court use of State's proposed findings and conclusions because findings and conclusions were supported by the record), *reh'g denied*; *and see Stevens v. State*, 770 N.E.2d 739, 762 (Ind. 2002) (affirming the post-conviction court's adoption of the State's proposed findings based on subtle changes made by the post-conviction court that led Indiana Supreme Court to determine the post-conviction court had "carefully considered and purposefully used" the State's proposed findings and conclusions), *reh'g denied, cert. denied sub nom Stevens v. Indiana*, 540 U.S. 830 (October 6, 2003).

## Conclusion

[16] Williams has not demonstrated prejudice from the substitution of Keefe for Howard at his change of plea hearing. Additionally, the post-conviction court did not err when it adopted the majority of the State's proposed findings and conclusions because the court's order was supported by the record. Accordingly, we affirm.

Affirmed.

Baker, J., and Robb, J., concur.