HAROLD LEE LLOYD *v*. STATE OF INDIANA.

[No. 1269S281. Filed May 14, 1971.]

*Owen M. Mullen, Frederick J. Graf,* of counsel, of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Appellant Lloyd was tried by a jury in Marion Criminal Court, Division Two and found guilty of entering to commit a felony and assault and battery with intent to kill. He was tried with a co-defendant, Kenneth D. Bryant, who was also found guilty. The only question we need consider is the sufficiency of the evidence to sustain the conviction. Considering this most favorably to the State, we find that the prosecuting witness, Gabe Lucas, 74 years of age, came home from grocery shopping at approximately 11:30 a.m. and drove into his garage. At the same time a 1951 yellow Ford automobile was driven through the alley and then away. Lucas states positively that he identified appellant Lloyd as the driver therein and that the car was of such a peculiar yellow that it

was different from any other car he had ever seen. In addition, the grill to the car was missing. Thereafter, Lucas went from his garage into his home and there discovered the co-defendant, Kenneth Bryant, inside the house, burglarizing the home. The owner, Lucas, in the ensuing difficulty was shot, but he positively identified the burglar as the co-defendant Bryant. A picture of the yellow Ford car was introduced into the evidence and testimony showed that this automobile was found located in a garage owned by the mother of the co-defendant Bryant. That was all the testimony introduced by the State pertaining to the automobile, and so far as we can determine all that connected the appellant with the co-defendant Bryant.

The State failed to show who owned the yellow Ford automobile or in whose name it was registered. The State failed to show that the co-defendant Bryant lived at the home of his mother where the car was located. Furthermore, the State failed to show any other relationship between Bryant (the one doing the burglarizing) and the appellant, who was driving the yellow Ford through the alley at the time of the burglary. Under the circumstances in this case, we cannot say there is any substantial evidence connecting the appellant with the burglary. At the most, under the facts here, there might be a mere suspicion, but that is not sufficient to make out a case against the appellant. *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711; *Guetling* v. *State* (1926), 198 Ind. 718, 153 N. E. 765. It is difficult for us to understand why evidence as to the ownership of the car, where the co-defendant lived, or whether the co-defendant had any connection or relationship with the car other than through his mother was not introduced.

For the reasons stated, we find the evidence insufficient to sustain the conviction. The judgment is reversed and a new trial is granted.

Givan, Prentice, and Hunter, JJ., concur; DeBruler, J., concurs with opinion.

## Concurring Opinion

DeBruler, J.—I concur fully in the majority opinion. However, I would order the defendant discharged pursuant to the authority of A.P. 15M. In my opinion it is unfair to subject the defendant to a new trial. I do not see any justification for granting the State, in the absence of a showing of some grounds therefor, multiple opportunities in the form of successive new trials to prove the defendant guilty.

In my opinion successive trials of this nature may well violate the rights of this defendant granted to him by the double jeopardy clause of the Fifth Amendment to the United States Constitution.

Note.—Reported in 269 N. E. 2d 389.