KENNETH D. BRYANT *v.* STATE OF INDIANA.

[No. 1269S285. Filed February 22, 1972.]

*Gil I. Berry, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

DEBRULER, J.—The appellant was tried by a jury in the Criminal Court of Marion County, Honorable Saul I. Rabb, Judge, presiding, and convicted of the offenses of entering to commit a felony and assault and battery with intent to kill. The appellant's co-defendant, Harold Lee Lloyd, was tried with the appellant and found guilty of the same offenses. We have previously considered co-defendant Lloyd's appeal from this conviction and, finding the evidence against Lloyd insufficient to sustain a conviction, ordered a new trial. *Lloyd* v. *State* (1971), 256 Ind. 414, 269 N. E. 2d 389.

The appellant here challenges the sufficiency of evidence against him in this case. He argues that the sole evidence

against him, an identification by the victim, was insufficient in that the victim was a seventy-four year old man who admittedly only got a five second look at his assailant and first identified the appellant under prejudicial circumstances at a pre-trial hearing. The appellant argues that, in such a case, corroboration is needed and since there was not corroboration the evidence is insufficient. This argument is clearly specious, as it is settled law in this State, as well as in other jurisdictions, that a conviction can be supported by the identification of a single eye-witness. *Moore* v. *State* (1970), 254 Ind. 23, 256 N. E. 2d 907. If the appellant believed that his identification at the trial was tainted by improper suggestion at the pre-trial stage, a pre-trial motion to suppress the identification or a motion to suppress the identification at trial would have safeguarded his rights. However, no such motion was made in this case.

In passing on the sufficiency of the evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyound a reasonable doubt. *Smith* v. *State* (1970), 255 Ind. 687, 260 N. E. 2d 558. In this case, the victim positively identified the appellant as his assailant who had been in his house and fired shots at him. It is for the jury to pass on this witness' ability to accurately recall his assailant, and the jury has spoken on this matter by the verdict in this case. We find the evidence sufficient to support the conviction in this case.

In the case of the appellant's co-defendant, Harold L. Lloyd, we did not pass on the reliability of the identification of Lloyd, but held that the evidence connecting him with the incident

was insufficient where he was merely seen driving a yellow car past the house before the crime occurred.

The appellant also argues that the trial court erred in overruling his oral motion to suppress the testimony by the State witnesses. The appellant contends that the warrant for his arrest was invalid in that it was not supported by a showing of probable cause as required by Art. 1, § 2 of the Constitution of the State of Indiana. It seems apparent that the appellant's contention that he was arrested illegally is correct. In this case the affidavit upon which appellant's arrest was based was clearly conclusory in nature and in violation of the standards set down in *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500. However, it is well settled that an illegal arrest, without more, does not affect the right of the State to try the case. *Wells* v. *State* (1971), 256 Ind. 161, 267 N. E. 2d 371.

Judgment affirmed.

Arterburn, C.J., Givan, Hunter and Prentice JJ., concur.

NOTE.—Reported in 278 N. E. 2d 576.