GEORGE DEW *v.* STATE OF INDIANA.

[No. 277S154. Filed March 7, 1978.]

*John F. Ittenbach,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by information with the commission of a felony while armed, to-wit: robbery, Ind. Code § 35-12-1-1 (1971) and inflicting physical injury in the commission of a robbery, Ind. Code § 35-13-4-6 (1971). In a trial by jury he was convicted on both counts and sentenced to twenty-five (25) years on the armed felony count and to life imprisonment on the count of inflicting an injury. On appeal the defendant raises the following issues:

(1) Whether the evidence was sufficient to sustain a verdict of guilty.

(2) Whether the trial court erred in sentencing the defendant to twenty-five (25) years for commission of a felony while armed, to-wit: robbery, and to life imprisonment for inflicting physical injury in the commission of a robbery.

## ISSUE I

The defendant raises as his first issue on appeal, the sufficiency of the evidence upon which he was convicted. He contends that the evidence was insufficient upon the issue of identification and that the State failed to prove a material element of the crime charged, i.e. that the defendant was over the age of sixteen at the time of the alleged robbery.

On review this Court will neither reweigh the evidence nor judge the credibility of the witnesses, *Robinson* v. *State,* (1977) 266 Ind. 604, 365 N.E.2d 1218, rather, it will look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom to determine if a reasonable trier of fact could have come to the decision reached by the jury. *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831.

The evidence presented at trial consisted of a positive identification of the defendant made by the robbery victim, Louis Mesalam. Mesalam testified that the defendant was one of three men who were involved in the robbery of his market. He further testified that during the course of the robbery the defendant struck him twice with a gun, causing extensive injury to his head. State's witness Anthony Taylor testified that he was present at the defendant's home at approximately 3:30 on the day of the alleged robbery. While there, Taylor observed the defendant and Adolph Alexander counting money. Taylor stated that he was told by the defendant at this time that the defendant had just robbed the meat market.

It is well established law in this State that a conviction can be sustained based solely upon the identification testimony of a single witness. *Bryant* v. *State,* (1972) 257 Ind.

679, 278 N.E.2d 576; *Moore* v. *State*, (1970) 254 Ind. 23, 256 N.E.2d 907. However, in the case at bar we are not dealing with uncorroborated testimony. Additional testimony in the form of Taylor's statement was introduced linking the defendant to the alleged robbery. In such a case it is the duty of the jury to determine the credibility of the witnesses along with their ability to recall the events as they happened. Absent a showing that no reasonable man could have come to the same conclusion, the jury's determination will not be set aside.

The defendant further contends with regard to the sufficiency of the evidence that the State failed to prove that the defendant was over the age of sixteen. Since age is an element of the crime of armed robbery, it must be proven by the State. Although the appearance of the defendant may be considered in a determination of his age, merely pointing out the defendant at trial for purposes of identification is not sufficient to establish the element of age. However, an identification coupled with a statement by a witness as to his opinion of the defendant's age, will be considered sufficient evidence on this issue. *Bobbitt* v. *State*, (1977) 266 Ind. 164, 361 N.E.2d 1193; *Watson* v. *State*, (1956) 236 Ind. 329, 140 N.E.2d 109. In the instant case, when asked how old he believed the defendant to be, Mesalam answered, "In his early twenties." Having been presented with evidence on the issue, it was up to the jury to determine whether the defendant was in fact over sixteen years of age.

Additionally, we have recently held that the State is not required to prove the age of the defendant, unless the defendant places the matter in issue by a properly raised motion to dismiss. *McGowan* v. *State*, (1977) 267 Ind. 16, 366 N.E.2d 1164.

## ISSUE II

The defendant's final allegation of error is that the trial court sentenced him upon convictions both for the armed

felony and for the infliction of injury in the commission of armed robbery. The charge of armed robbery was embodied in the charge of inflicting injury in the commission of a robbery, i.e. the armed felony charged and the robbery being committed when the injury was inflicted were one and the same crime. The conviction upon the latter barred a subsequent prosecution for the armed robbery. Therefore, the trial court erred in sentencing the defendant upon his conviction of armed robbery. *Bobbitt* v. *State, supra; Swininger* v. *State,* (1976) 265 Ind. 136, 352 N.E.2d 473. As fundamental error such sentencing will be reviewed despite the fact that the defendant failed to raise the claim in his motion to correct errors. *Kleinrichert* v. *State,* (1973) 260 Ind. 537, 297 N.E.2d 822.

This cause is remanded to the trial court with instructions to vacate the sentence upon the armed robbery conviction. The judgment of the trial court is otherwise affirmed.

Givan, C.J., DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 373 N.E.2d 138.