**Earl Dennis ROYSTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 579S124.**

Supreme Court of Indiana.

Dec. 12, 1979.

Patricia A. Woodworth, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Earl Dennis Royston, was convicted by a jury of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), and sentenced to fifteen years' imprisonment. He now raises the following four issues in this direct appeal:

1. Whether the trial court erred in denying defendant's petition for the appointment of a physician and dentist to examine defendant and to testify as to his physical characteristics;

2. Whether the trial court erred in denying defendant's request for stipulation as to his physical characteristics;

3. Whether the trial court erred in denying defendant's motion to suppress and motion in limine regarding items of personal property seized from defendant at the time of his arrest; and

4. Whether the trial court erred in denying defendant's motion for mistrial after the prosecutor displayed a gun without introducing it into evidence.

A summary of the facts from the record most favorable to the state reveals the following. On April 27, 1978, two black men entered a Bonanza Restaurant in Indianapolis a few minutes after closing. One of the men, later identified as the defendant, put a gun to the manager's head and ordered him to open the restaurant's safe. He ordered the manager to place the money into a sack and then ordered the manager and another male employee to take off their clothes and go into the women's rest room. Defendant's accomplice made the other employees lie face down on the floor in the dining area of the restaurant. After the robbers left, one of these workers called police.

The employees gave the police varying descriptions of defendant. The manager described him as being six feet, one inch tall and weighing approximately 160–170 pounds, but he stated defendant wore shoes with high heels and a leisure suit which obscured his true size. He also said that defendant may have had a gold tooth. Two other employees described defendant as about six feet tall and weighing about 135–140 pounds. A few days after the robbery, three employees picked defendant's picture out of several hundred photographs. The police then arrested defendant and seized a silver revolver, a .32 automatic, a white hat, $275 in cash, and a temporary license plate. At the trial, the manager and three employees all identified the defendant as the person who held the gun during the robbery.

## I.

Prior to the trial, defendant filed a Petition for the Appointment of a Physician and Dentist for the Purposes of Identification Testimony. This petition was denied. Defendant argues that there were discrepancies between the witnesses' descriptions of him given after the robbery and his actual height and weight. He claims that he is only five feet, nine inches tall and that he needed to have expert testimony regarding his actual physical characteristics put before the jury. He contends that he was denied his right of compulsory process to have witnesses who could testify in his behalf.

We find there is no merit to this contention since medical testimony is not necessary to tell the jury how tall the defendant is or whether he has a gold tooth. Such observations are not based upon knowledge gained from the study of medicine and dentistry but are based upon common everyday experience. It was proper for the jury to hear lay witness testimony concerning the physical characteristics of the defendant. Defendant was free to ask any of his own acquaintances to testify as to his physical characteristics.

Although defendant claims that his actual height is three inches less than the descriptions given by the witnesses, this discrepancy can easily be explained by the fact that he was wearing high-heeled shoes on the night of the robbery. The resolution of a conflict in the evidence is a function for the jury and is not a proper consideration for this Court. *Choctaw v. State*, (1979) Ind., 387 N.E.2d 1305. It was not necessary to provide defendant with expert testimony regarding facts which were capable of being testified to by lay witnesses.

Furthermore, the basic issue here is the identification of the defendant. It is clearly settled that a conviction can be sustained based solely upon the identification of a single witness. *Dew v. State*, (1978) Ind., 373 N.E.2d 138; *Bryant v. State*, (1972) 257 Ind. 679, 278 N.E.2d 576. In this case, there was positive identification by three witnesses and this was sufficient to support the verdict. There was no error here.

## II.

Prior to trial, defendant submitted a Request for Stipulation which was actually a Request for Admissions as to certain of his physical and dental characteristics. Defendant now claims that this request was erroneously denied since the prosecutor did not set forth any reasons for the denial as required by Ind.R.Tr.P. 36(A). We find no merit to this contention since criminal discovery is largely discretionary and the trial

court is not necessarily bound by the limiting language of the civil rules. *State ex rel. Grammer v. Tippecanoe Circuit Court,* (1978) Ind., 377 N.E.2d 1359. We have further held that:

"The request for admissions is used in civil cases as a device to get uncontested facts out of the way. It is unnecessary to use this device in criminal cases . . ." *State ex rel. Grammer v. Tippecanoe Circuit Court, supra,* at 1365.

Any facts which are not agreed upon by both parties are subject to being proved in court. The defendant's physical characteristics as observed by three witnesses were testified to at the trial, and there was no abuse of discretion in the denial of the request for admissions.

### III.

Defendant made a Motion in Limine and a later Motion to Suppress evidence seized by police at the time of his arrest. The items of evidence objected to were two guns, a white hat, $275 in cash, and a temporary license plate. Both motions were overruled and defendant now argues that the police needed a search warrant to search the hotel room in which he was arrested before seizing any items. However, it has consistently been held that a warrantless search is justified as incident to a lawful arrest when the area searched is within the arrestee's control. *Chimel v. California,* (1969) 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

In this case all the items seized, except one, were in the same room with defendant. One gun was in plain view on top of a dresser, along with a white hat, and the other gun was lying on top of some trash in the wastebasket. All of these items were properly admissible. One item of evidence, the $275 in cash, was suppressed by the trial court since it was found in a suit in a closet of the room.

At the time defendant was arrested and was being led to the patrol car, he told the police officers to go over to his car to make sure the windows were all rolled up. When the police went over to his car, they seized a temporary license which was lying on the back seat. Defendant cannot now claim that this seizure was illegal since he himself gave the police permission to be in his car. There was no error in the seizure or admission of these items.

### IV.

Defendant finally argues that the trial court erred in denying his motion for mistrial made at the close of the state's case-in-chief. The basis of the motion was the fact that the prosecutor had left a pistol on the table during the trial which was never offered into evidence but was in plain view of the jury. He argues that this substantially prejudiced his case.

We do not agree. The granting of a mistrial rests largely in the sound discretion of the trial judge and his determination will not be reversed absent proof that defendant was placed in a position of grave peril to which he should not have been subjected. *Hill v. State,* (1979) Ind., 390 N.E.2d 167; *Love v. State,* (1977) 267 Ind. 302, 369 N.E.2d 1073. In this case, there was testimony about two guns being seized at the time defendant was arrested as well as testimony about a gun being used during the robbery. Although one of the guns seized at the time of the arrest was never offered into evidence but was left lying on the prosecutor's table, we do not feel this could have substantially prejudiced defendant since it had been specifically testified about by the arresting officer. We have held that when we are faced with a display of an item, not admitted into evidence, that is only corroborative of competent and unrefuted evidence, it is not reversible error. *Hill v. State, supra,* at 171. In this case, the trial court did not abuse its discretion in denying the motion for mistrial.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.