**Leroy GRAVES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 483 S 120.**

Supreme Court of Indiana.

Dec. 26, 1984.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged in five counts: Count I, Robbery; Count II, Conspiracy to Commit Robbery; Count III, Kidnapping; Count IV, Conspiracy to Commit Kidnapping; and Count V, Attempted Murder. The jury found appellant guilty on all five counts. He was sentenced to five consecutive sentences of thirty (30) years plus twenty (20) years for aggravating circumstances.

The facts are: Appellant and two companions entered Profeta's Market in Indianapolis. Albert Profeta testified that he was the owner of the grocery store. He further testified that appellant and his companions robbed him at gunpoint, made him lie on the floor and then while he was laying face down on the floor the robber stomped him with his foot between the shoulders. During the course of the robbery appellant shot him in the back.

While the robbery was in progress, police arrived on the scene and the appellant and his companions attempted to use the proprietor and his son as hostages. The robbers were apprehended during the course of the robbery.

Alvin Reynolds and Donnie Woodfork both testified they were the appellant's accomplices in the robbery and that they had entered pleas of guilty to Armed Robbery, Kidnapping, Conspiracy of Armed Robbery and Conspiracy of Kidnapping. Reynolds testified that under a plea bargain he received a sentence of six (6) years. Woodfork testified that under a plea bargain he received a sentence of ten (10) years. They both testified that it was appellant who shot Profeta.

Louis Profeta testified that he was the son of the proprietor of the store. He testified as to the details of the robbery, including identifying appellant as the one who had shot his father.

Appellant testified that he merely entered the store looking for employment and interrupted the robbery in progress. He claimed that the two men who had testified against him were the ones who perpetrated

the robbery and that they required him to lie down on the floor during the robbery. Appellant claimed when police arrived the two men strapped a shoulder holster on him, placed a fatigue jacket on him and made him surrender with them to the police.

Appellant claims the judgment of the trial court is contrary to law, contrary to the evidence and not supported by sufficient evidence. He asks that this Court believe his testimony over the testimony of all other witnesses. He also claims the testimony of Woodfork and Reynolds is unbelievable since they are convicted felons.

In a case of conflicting evidence, the trier of fact is not obliged to believe the testimony of the defendant or any other particular witness. It is the prerogative of the jury to weigh the evidence and to determine who, in fact, is telling the truth. *Duvall v. State*, (1981) 275 Ind. 188, 415 N.E.2d 718. The testimony of the two accomplices alone would have been sufficient to support the conviction. *Taylor v. State*, (1981) Ind., 425 N.E.2d 141; *Martin v. State*, (1981) Ind.App., 419 N.E.2d 256.

In addition to the accomplice testimony, there was overwhelming testimony by other witnesses in this case to establish the guilt of the appellant. *See Dew v. State*, (1978) 268 Ind. 17, 373 N.E.2d 138. The evidence in this case is sufficient to support the verdict of the jury.

The trial court is in all things affirmed.

All Justices concur.