Darrell LEE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–8708–CR–00772.

Supreme Court of Indiana.

Oct. 19, 1988.

L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, P.A., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Following a jury trial, Darrell Lee was convicted of Battery, a class C felony, and Carrying a Handgun Without a License, a class A misdemeanor. He was further found to be a habitual offender. The trial court sentenced him to five (5) years for the battery conviction, enhanced by thirty (30) years for the habitual offender finding. The court further sentenced him to one (1) year for carrying a handgun without a license, the sentences to be served concurrently. He directly appeals challenging the sufficiency of the evidence to sustain his convictions.

The facts most favorable to the verdict below show that on the evening of July 9, 1986, Appellant Lee repeatedly shot Earl Richardson, the victim, in a dispute involving a drug purchase. Richardson testified at trial that at 10:30 or 10:45 p.m., at an Indianapolis bar, a man named Powell approached Richardson about a possible heroin purchase. Powell was later identified by Richardson as Appellant Lee. Powell told Richardson he had some heroin and asked Richardson if he was interested. When Richardson said yes, Powell gave him the drug and told him to go to a house located on North Capitol where he would be able to "shoot" the drug. Richardson went to the house and in preparing the heroin for use realized the substance he had received did not contain any heroin. Soon someone told Richardson that Powell wanted to see him. Richardson found Powell on the porch with another man named Kenny. Powell demanded payment for the heroin and Richardson refused to pay. Powell then pulled out a pistol and fired into the ground, threatening to shoot Richardson in his leg and head. Powell then walked up to Richardson and Richardson grabbed Powell's arm. Powell shot at Richardson, hitting him twice in the leg.

When Richardson ran away, Powell shot him again in the groin area and on the left side of his head. Richardson ran to a house on North Capitol and asked the residents for help. When police arrived, Richardson described Powell to them. One week later, Richardson encountered Powell again. Police pulled up and Richardson told them Powell was the person who shot him. Powell was subsequently arrested.

Lee claims the evidence is insufficient to support his convictions because the victim's testimony was incredible and unreliable. As a court of review, we do not judge the credibility of witnesses nor reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact the verdict will not be overturned. *Loyd v. State*, (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed. 2d 105.

■ Lee contends Richardson's testimony was unbelievable because his ability to perceive and remember were substantially affected by drug usage and intoxication. Lee bases his contention on Richardson's admission at trial that the shooting was over a heroin purchase. However, Richardson admitted at trial that he had intended to buy heroin from Lee and that when Lee gave him what he thought were narcotics, he took them to a house and prepared them so that he could consume them. However, after he injected the substance, he realized he did not receive any narcotics at all. When Lee demanded payment for the bogus drug transaction, Richardson refused, and the shooting ensued. Since Richardson never received any heroin, his mental condition could not have been impaired by the incident. Further, an investigating police officer testified Richardson did not appear intoxicated. Lee fails to show Richardson was under the influence of drugs or alcohol either at the time of the occurrence or at trial, and fails to show that Richardson's ability to perceive, remember and testify were substantially affected. *See Lusher v. State* (1979), 181 Ind.App. 63, 64–65, 390 N.E.2d 702, 704.

■ Lee also contends Richardson testified he told defense counsel that Lee was not his attacker and that on the night he was shot he had been drinking and was not wearing his glasses. While Richardson did testify he told his attorney these things, he also testified he made the statements because he had been threatened by a friend of Lee and was afraid. He then testified there was no doubt in his mind that Lee was his assailant. It was for the jury to resolve any inconsistencies in Richardson's testimony and to decide what to believe and what to disbelieve. *Graves v. State* (1984), Ind., 472 N.E.2d 190, 191. An identification by the victim of a crime is sufficient to sustain a conviction. *McBrady v. State* (1984), Ind., 459 N.E.2d 719, 723.

■ Lee contends that Richardson's testimony shows he has several convictions for crimes involving dishonesty. However, the weight to be given these prior convictions is a question of credibility for the jury to consider when discharging its fact finding function. *Graves*, 472 N.E.2d at 191. The prior convictions did not render Richardson's testimony inherently unreliable as a matter of law.

■ Richardson's testimony is sufficient to sustain Lee's convictions as a conviction may be sustained by the uncorroborated testimony of the victim. *See Smith v. State* (1982), Ind., 432 N.E.2d 1363, 1372. Richardson testified in detail concerning the sequence of events leading up to the shooting. He stated times and addresses of the houses he went to. He was able to recount at trial the substance of his conversations with Lee. He also recognized Lee one week later and pointed him out to police. Moreover, Richardson's testimony was corroborated by the testimony of three police officers. Viewing the record as a whole, the evidence is sufficient to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.