**Ned GARRETT, Jr. Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–9201–CR–6.**

Supreme Court of Indiana.

Nov. 5, 1992.

Rehearing Denied Jan. 26, 1993.

**140**

John F. Crawford, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Murder, for which he received a sentence of forty (40) years enhanced by thirty (30) years by reason of his status as a habitual offender.

The facts are: In the early morning of August 9, 1989, Ollie Robinson and his younger brother, Timmy Robinson (the victim in this case), were "out getting high" on cocaine. In order to raise more money to purchase cocaine, the brothers packaged flour and sold it to others as cocaine.

Some time later that morning, near 23rd Street and College Avenue, the brothers were approached by a man later identified as appellant. He complained to the brothers that they had sold him "fake" cocaine. During the confrontation, appellant produced a sawed-off shotgun and ordered the brothers into some bushes. He shot Timmy once in the chest resulting in his death. Ollie ran with appellant in pursuit. During the pursuit, he shot Ollie in the arm and buttocks and beat him with the shotgun.

Larry Garrett, not related to appellant, lived at 2249 North Park Avenue. He heard the shots and saw a running man throw something down. Later that morning he found a sawed-off shotgun in his yard. He called the police and they recovered the shotgun. There were no readable fingerprints on the shotgun nor were they able to establish that the pellets found in Timmy's body in fact had been fired from that shotgun. However, they were able to determine that the shotgun was 12 gauge and that Timmy had been killed by a 12 gauge shotgun.

Before trial, Connie Kincaid, appellant's girlfriend, identified the shotgun as the gun appellant once owned. Sheila Mitchell identified the shotgun as the one she had given to appellant. In an unrecorded statement to Detective Larkins, appellant admitted the weapon he used was a shotgun. However, in a recorded statement made by appellant, he made several incriminating statements, exculpatory statements, and a statement that he had used a pistol in committing the shooting. Also, during this statement, he said that he was not telling the truth.

■■■■ Appellant claims his counsel was ineffective in that although he filed a motion to suppress appellant's confession and Kincaid's inculpatory statement, which motion was overruled by the trial court, he failed to object at trial when this evidence was submitted by the State. Appellant correctly cites *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 for the proposition that a two-

step test is required to establish ineffectiveness of counsel: 1) that counsel's representation was "deficient," and 2) that the defendant was harmed as a result. He also cites the case of *Elliott v. State* (1984), Ind., 465 N.E.2d 707 for the same proposition. We also have held that reversal is appropriate only where the evidence leads unerringly and unmistakably to the conclusion that trial counsel rendered ineffective assistance. *McCraney v. State* (1987), Ind., 508 N.E.2d 798.

The trial court held a hearing on appellant's motion to suppress during which appellant claimed that his statement was involuntary as a result of his cocaine intoxication. The State's evidence showed that when appellant was arrested at his apartment on the afternoon of March 10, 1990, he agreed to go with the police officers, he walked down a stairway from his third-floor apartment without assistance or any difficulty, his speech was normal, and there was nothing unusual about his appearance. He showed no signs of being tired or under the influence of drugs or alcohol.

Upon emerging from the building, he was identified by Ollie Robinson, who had directed the police to appellant's apartment. Upon being identified by Ollie, the police arrested appellant and read him his *Miranda* warnings. He then was transported to the police station where he eventually was questioned and made the statements above referred to. Other than appellant's own statements there was a total lack of evidence of his incapacity to give a confession, and in fact, the State's evidence was overwhelming that he in fact did have the capacity to do so and that he did so only after being properly apprised of his rights.

■ Under these circumstances, it cannot be said that had counsel made an objection to the admission of appellant's statements during the trial, the objection would have been sustained. Counsel cannot be faulted for failing to make an objection which had no hope of success and which might have the adverse effect before the jury of emphasizing the admissibility of appellant's statement. Failure to object to

admissible evidence does not constitute ineffective assistance of counsel; a defendant must show that had a proper objection been made the court would have had no choice but to sustain it. *Kimble v. State* (1983), Ind., 451 N.E.2d 302; *Hunter v. State* (1991), Ind., 578 N.E.2d 353.

■ Appellant also contends it was error to permit the use of Connie Kincaid's taped statement and that counsel was ineffective for not objecting thereto. However, the record shows that there was no intention on the State's part of using Kincaid's statement in their case-in-chief. Kincaid's statement first was mentioned by appellant's trial counsel in the cross-examination of Detective Larkins. In fact, prior to trial defense counsel had listed Kincaid as a defense witness. However, as above stated, he had attempted to have her statement to Larkins suppressed.

When appellant's counsel cross-examined Larkins, he asked whether Kincaid had told him that the shotgun was not the gun which appellant once possessed. During Kincaid's testimony, as a defense witness, she stated that she told Larkins that the gun he showed her was not the one defendant had owned. On redirect examination of Larkins, the State offered Kincaid's statement to establish the fact that she in fact had told Larkins the shotgun he showed her was the one that had been in appellant's possession.

Appellant claims it was ineffective assistance for counsel 1) to raise the issue of Kincaid's statement to Larkins; and 2) to fail to object to the admission of her taped statement on the redirect examination of Larkins. Of course, once the issue was raised, it was not error to place Kincaid's statement in evidence as an impeaching document. The real issue here is whether counsel was ineffective by raising the issue of Kincaid's statement in his cross-examination of Larkins.

■ This obviously is a matter of choice of tactics by trial counsel. Counsel was faced with witness Kincaid's inconsistent statements and obviously was attempting to convey to the jury that the information

furnished to police by Kincaid could not be deemed truthful. He also had the possibility of establishing doubt in the minds of the jury concerning the truthfulness of Larkins' testimony. Tactical choices by trial counsel do not establish ineffective assistance of counsel even though such choices may be subject to criticism or the choice ultimately prove detrimental to the defendant. *Luster v. State* (1991), Ind.App., 578 N.E.2d 740.

▪ Appellant claims the trial court erred in admitting in evidence a shotgun without sufficient foundation that it was connected with the crime or with appellant. The shotgun in question was found in a yard near the scene of the shooting. At trial, Ollie Robinson appeared to be certain that this was not the shotgun used in the shooting. As stated above, Larry Garrett had seen the person fleeing the scene of the shooting throw an object into his yard. A short time later the shotgun was found at that location.

Detective Larkins testified that Sheila Mitchell had told him that it was the shotgun which she had given to appellant. However, Sheila Mitchell denied that she ever identified the shotgun as the one she had given to appellant. In fact, at trial she stated she did not believe it was the shotgun she gave to appellant.

▪ The facts clearly established for the jury's consideration were that: 1) the victim died of a 12 gauge shotgun blast, 2) a man seen fleeing the scene of the shooting was observed throwing an object into a yard where a short time later a sawed-off 12 gauge shotgun was found, and 3) Sheila Mitchell had given appellant a shotgun. At one point in his statement to police, appellant stated he did use a shotgun in the shooting although he later stated he used a pistol. A trial court has broad discretion in ruling on the relevancy of evidence. *Hankins v. State* (1988), Ind., 521 N.E.2d 685. The lack of positive proof that the shotgun presented in fact was the one used in the shooting reflects only on the weight of the evidence, not on its admissibility. *Sons v. State* (1987), Ind., 502 N.E.2d 1331. The presence or absence of the shotgun in evidence could have had little, if any, effect on the ultimate outcome of the jury's verdict. Under the circumstances, we cannot say the trial court erred in permitting the shotgun in evidence.

▪ Appellant contends there is insufficient evidence to support the verdict of the jury. Ollie Robinson and his brother had earlier that evening sold a package of flour to appellant representing that it was cocaine. Later, appellant confronted them with having cheated him in the purported cocaine deal. It is obvious from the evidence that Ollie Robinson had abundant opportunity to view appellant and his incourt identification of appellant was positive. Identification of a defendant by the victim is sufficient to support a conviction. *Lee v. State* (1988), Ind., 529 N.E.2d 341; *Brendel v. State* (1984), Ind., 460 N.E.2d 919. Where there is substantial evidence of probative value from which a jury could find guilt beyond a reasonable doubt, the verdict will not be set aside. *Johnson v. State* (1987), Ind., 502 N.E.2d 484.

▪ Appellant argues that the testimony of the various State witnesses is too conflicting and the testimony of the individual witnesses is too vacillating to justify reliance thereon by the jury. However, it is not the prerogative of this Court to presume to weigh the conflicting evidence presented to the jury. Such is their exclusive prerogative. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. The evidence in this case is sufficient to support the verdict of the jury.

▪ Appellant contends he is entitled to be resentenced because the trial judge erroneously believed he had no discretion to reduce the thirty (30) year habitual offender enhancement. The State concedes the trial court did err in this regard. One of appellant's prior convictions was a Class D felony; thus under Ind.Code § 35–50–2–8(e), the trial court in fact did have the discretion to subtract as much as ten (10) years from the thirty (30) year enhancement provided by the statute.

This case is remanded to the trial court for reconsideration of appellant's sentence

under the provisions of Ind.Code § 35–50–2–8. In all other things, the trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.