**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 15 2013, 5:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**WILLIAM D. POLANSKY**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM D. CORNETT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  82A01-1302-PC-59 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Mary Margaret Lloyd, Judge
Cause No. 82D02-0706-FB-546
Cause No. 82D03-1002-PC-1

**August 15, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Following a jury trial, the appellant-petitioner, William D. Cornett, was convicted of Robbery,[1] a class B felony. After this court affirmed Cornett's conviction on direct appeal, he filed a petition for post-conviction relief, claiming that both trial and appellate counsel were ineffective. Cornett argued that his trial counsel's performance was deficient and prejudiced him because there was no objection at trial to the admission of an air pistol that the State offered into evidence at trial. Cornett also claims that his appellate counsel was ineffective because he did not challenge the sufficiency of the evidence on direct appeal.

We conclude that had trial counsel objected to the admission of the air pistol, the objection would not have been sustained because the State laid an adequate foundation establishing the pistol's relevance in this case that connected Cornett to the robbery. Thus, the post-conviction court properly determined that Cornett's trial counsel was not ineffective on this basis.

We further conclude that Cornett's appellate counsel was not ineffective for not challenging the sufficiency of the evidence on direct appeal. In light of the victim's testimony that Cornett pointed a black, semi-automatic pistol that looked like a real gun at him during the robbery, we would not have reweighed the evidence or judged the credibility of the witness. Cornett's appellate counsel made a reasonable, strategic decision not to raise a sufficiency issue. As a result, we affirm the denial of Cornett's petition for post-conviction relief.

---

[1] Ind. Code § 35-42-5-1.

FACTS

The facts regarding Cornett's underlying robbery conviction are set forth in our memorandum decision in Cornett's direct appeal:

> At approximately 10:30 p.m. on June 9, 2007, Derek Tines was working at the Bonker's convenience store in Vanderburgh County. As Tines stood outside, preparing to smoke a cigarette, Cornett pulled up. Cornett, who was wearing a camouflage shirt and a baseball cap with an "O" on it, followed Tines into the store, and then said, "[G]ive me the money." Tr. p. 40. Cornett removed what appeared to be a gun and pointed it at Tines, and Tines handed Cornett most of the money from the cash register. Cornett reached over and took the approximately $50 that remained in the drawer and left the store.
>
> Later that night, police showed Tines a person they had apparently detained nearby and asked if he was the robber. Tines responded in the negative. Eventually, police showed Tines two photo arrays, each containing six photographs, the first soon after the robbery and the second a few days later. Tines did not identify any of the persons pictured in the first array as his assailant but identified Cornett as the robber from the second. Cornett's photograph was included in the second array apparently as the result of an anonymous tip. When police executed a search warrant for Cornett's automobile and home, they found an air pistol underneath the spare tire in the trunk of Cornett's automobile, a beige baseball cap with an "O" on the front underneath the front seat, and a camouflage shirt in Cornett's home.

Cornett v. State, No. 82A01-0803-CR-130, memo op. at 2-3 (Ind. Ct. App. Dec. 30, 2008).

As a result of the incident, Cornett was charged with class B felony robbery and with being a habitual offender. During Cornett's three-day jury trial that commenced in January 2008, the State introduced the air pistol into evidence during Evansville Detective Ben Gentry's testimony. Cornett's counsel did not challenge the admissibility of the pistol.

3

Tines testified that Cornett pulled out a black semi-automatic handgun during the robbery and pointed it at him with his left hand while demanding money. Tines acknowledged that he did not know much about guns and testified that the pistol "might" have been a "play gun." Tr. p. 75-76. However, on re-direct examination, Tines testified that he thought it was a "real gun." Id. at 78.

When the police discovered the handgun inside the spare tire wheel well of Cornett's vehicle, the jury saw that the pistol resembled Detective Spaulding's semi-automatic handgun. Tines identified Cornette's pistol as that type of gun.

Following the presentation of the evidence, Cornett was found guilty of robbery and pleaded guilty to being a habitual offender. Cornett was subsequently sentenced to fifteen years of incarceration that was enhanced by ten years on the habitual offender count, for an aggregate term of twenty-five years. Cornett directly appealed to this Court, and we affirmed Cornett's conviction in an unpublished memorandum decision. Cornett v. State, No. 82A01-0803-CR-130, 900 N.E.2d 508, memo. op. at 1 (Ind. Ct. App. Dec. 30, 2008). On direct appeal, Cornett's counsel raised the following issues: 1) admission of anonymous tip evidence during the opening statement; 2) ex parte communications with the jury; 3) admission of the videotape of the robbery; and 4) final instructions. We affirmed Cornett's conviction for class B felony robbery. Memo op. at 11.

On August 21, 2012, Cornett filed an amended petition for post-conviction relief,[2] alleging that Ivan Arnaez,[3] who served as both Cornett's trial and appellate counsel, was ineffective for failing to object to the admission of the pellet gun into evidence and for failing to challenge the sufficiency of the evidence on direct appeal regarding possession of a deadly weapon.

The post-conviction court held a hearing on Cornett's request for relief on October 19, 2012. At the post-conviction hearing, Arnaez testified:

> When I sit down to look at a case I'm looking [at] what can I do to win at trial and only to win at trial. I'm not looking for appeal purposes. I'm looking to win and . . . as I was studying the case nothing jumped out at me that would say we have a good Motion to Suppress ground otherwise I would have done it.

Tr. p. 7.

> Arnaez also testified that

> [H]ere in Vanderburgh County if your case is depending on a foundation you've already lost it because it goes to the weight of the evidence. . . . Now the question on the gun on a foundational issue was this. The question was what was it because they have to prove it was a deadly weapon. If we have a plastic gun it doesn't matter how many times he hit a person with a plastic gun, you're not going to do anything to them. If we have a metal gun then we have a deadly weapon. If we have a firearm then we have a deadly weapon as a matter of law. So my strategy in the entire case was to get the jury confused enough so that they could not establish what the person who committed the crime actually used and now that's the way I saw it but I did not see any other reason to try and keep the gun out

---

[2] Cornett filed his original pro se petition for post-conviction relief on February 1, 2010.

[3] Cornett was represented on appeal by both Ivan Arnaez and John Clouse, but Arnaez testified that the appellate brief was his work product.

other than to confuse them. . . . I thought [an objection] would be a waste of time.

Id. at 8-9 (emphasis added).

In explaining the reasons for selecting other issues over a challenge to the sufficiency of the evidence, Arnaez stated:

The guy wants to walk out of jail so you have to raise issues that might get him a reversal, try to get him back into Court for a second bite at the apple, try to get him back into Court on something else or to get a reversal where he can't go back. Now I put the issues I thought that gave us the best chance of doing that. I wasn't going to waste paper, you don't have that much paper to do these things, with issues I thought were not good.

Id. at 17. Summarizing his explanations, Arnaez responded affirmatively when asked about whether he "examined all the issues and whittled them down to the ones [he] thought would be the mostly likely to succeed [on] appeal." Id. at 19.

The post-conviction court took the matter under advisement, and on January 22, 2013, it denied Cornett's petition for post-conviction relief. In particular, the post-conviction court determined that

9. Besides testimony by at least three (3) witnesses, the State offered and the Court admitted without defense objection, State's Exhibit 68, a black pellet gun recovered by police from Petitioner's vehicle. Indiana law provides the following guidance regarding admissibility of physical evidence:

To be admissible into evidence, an exhibit must be relevant and material. It must be shown that the exhibit was authentic and bears some relevance to this defendant and the transaction from which the criminal charge arises. The trial court has discretion to admit exhibits into evidence, and need not require absolute and positive identification; admission may be proper even where there is only a slight tendency to connect the defendant with the

6

offense. Lack of positive proof or authentication reflects only . . . the weight of the evidence, not its admissibility.

10. The Court agrees with Attorney Arnaez's testimony at the post-conviction hearing that if he had objected to admission of the pellet gun, the Court would not have sustained his objection. At the time of this evidentiary offer, the Court had already heard testimony that the gun was recovered from Petitioner's vehicle shortly after the date of the robbery, and that it was similar in description to the gun Tines saw during the robbery, even though Tines never specifically testified that Exhibit 68 was the same gun pointed at him during the robbery. Because, as the Court explained in overruling the defendant's Motion for Directed Verdict, since there existed at least a slight tendency or a "scintilla" of evidence linking Exhibit 68 to the robbery, the gun was admissible for the jury to then determine how much weight to assign to the evidence. . . . The Court does not find Attorney Arnaez's performance deficient, nor find that the defense was prejudiced in any way, based upon counsel's failure to make an objection the Court would have overruled.

11. Because Arnaez testified that he made a strategic choice to argue other issues instead of sufficiency of the evidence because he thought that sufficiency of the evidence would not have been [a] successful issue on appeal, the Court must determine whether this choice was unquestionably unreasonable.

. . .

13. [A]s noted above, the State was required to present sufficient evidence for a jury to find that Petitioner used a deadly weapon in commission of the robbery. I.C. § 35-42-5-1(1). Although not firearms per se, pellet guns can be considered deadly weapons. . . . [T]he State had only to provide sufficient evidence that Petitioner used an item that appeared to be a gun or that the victim believed to be a gun, rather than positive identification of the specific gun. The jury was presented with eyewitness testimony from Tines describing the gun, the store surveillance video and still photographs, Detective Gentry's testimony about the location and timing of the gun's recovery, and Detective Spalding's testimony regarding her interview with Tines, along with the gun itself. It was within the jury's province to determine, based upon the entire circumstances presented, that Petitioner used a "deadly weapon" as defined by Indiana law.

14. [A]rguing sufficiency of the evidence upon appeal would not likely have been successful, as Attorney Arnaez testified during the post-

conviction hearing. In applying the presumption that trial counsel provided effective assistance, the court cannot find that it was "unquestionably unreasonable" for Arnaez to argue on appeal other issues he determined to be more damaging to Petitioner's case. Consequently, the Court finds that Petitioner has not met his burden of proof in order to establish ineffective assistance of appellate counsel.

Appellant's App. p. 124-127. Cornett now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Because post-conviction proceedings are civil proceedings, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000); see also Ind. Post-Conviction Rule 1(5). Because the post-conviction court denied relief, Cornett is appealing from a negative judgment and faces the rigorous burden of showing "that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the [post-conviction] court." Weatherford v. State, 619 N.E.2d 915, 917 (Ind. 1993).

Post-conviction proceedings do not offer a "super-appeal." Wilkes v. State, 984 N.E.2d 1236, 1240 (Ind. 2013). Rather, post-conviction challenges are reserved for those issues not known at the time of trial or not available on direct appeal. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). We therefore accept the post-conviction court's findings of fact unless they are clearly erroneous but give no deference to its conclusions of law. Id.

## II.  Cornett's Claims

### A.  Trial Counsel

Cornett claims that he was denied the effective assistance of trial counsel because there was no objection to the admission of the pellet gun.  Cornett claims that his trial counsel should have objected to the gun's admission on relevancy grounds because "the State did not lay a proper foundation for the admission of the pellet gun into evidence." Appellant's Br. p. 11.

In resolving this issue, we apply the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984).  Lawrence v. State, 464 N.E.2d 1291, 1294 (Ind. 1984).  The petitioner must first establish that counsel's performance was deficient. Strickland, 466 U.S. at 687.  It must be shown that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed to the defendant by the Sixth and Fourteenth Amendments.  Id.  This showing must overcome the strong presumption that counsel rendered adequate legal assistance.  Id.

Second, the petitioner must show that the deficient performance resulted in prejudice.  Id.  To establish prejudice, it must be demonstrated that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.  If a claim of ineffective assistance of

counsel can be disposed of by analyzing the prejudice prong, we will do so. Wentz v. State, 766 N.E.2d 351, 360 (Ind. 2002).

We also note that before a trial counsel's failure to object may constitute ineffective representation, a petitioner must show that had the objection been made, the trial court would have sustained it. Oglesby v. State, 515 N.E.2d 1082, 1084 (Ind. 1987). The petitioner must also establish that prejudice resulted as a result of trial counsel's failure to properly object. Timberlake v. State, 690 N.E.2d 243, 259 (Ind. 1997).

In this case, Cornett's trial counsel testified that he believed that an objection to the pellet gun's admission would have been overruled. Also, trial counsel did not want to draw attention to the pistol. Tr. p. 8-9. We agree with the post-conviction court's determination that Cornett failed to show that an objection to the admission of the air pistol would have been sustained. More specifically, the State laid an adequate foundation establishing that the air pistol was relevant to the charged offense. Appellant's App. p. 124-25.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evid. Rule 401. It has also been established that in order to be "relevant," the evidence at issue "need only have some tendency, however slight, to make the existence of a material fact more or less probable, or tend to shed any light upon the guilt or innocence of the accused." Smith v. State, 982 N.E.2d 393, 402 (Ind. Ct. App. 2013). Moreover, our Supreme Court has

observed that "to be properly admissible, real evidence need only constitute a small but legitimate link in the chain of evidence connecting the defendant with the crime." Malone v. State, 700 N.E.2d 780, 782 (Ind. 1998); see also Garrett v. State, 602 N.E.2d 139, 142 (Ind. 1992) (observing that the lack of positive proof that a particular shotgun presented in fact was the one used in the shooting goes to the weight of the evidence and not admissibility).

In this case, Tines testified that Cornett's pistol appeared to be a black semi-automatic handgun. Tr. p. 40, 43-44, 171. And when Detective Spaulding showed Tines her semi-automatic handgun, Tines stated that Cornett's handgun looked "similar to that design." Id. at 171. Detective Spaulding displayed her semi-automatic handgun to the jury as an example of the design of the gun that Cornett used. Id.

The air pistol that the police recovered from the spare tire wheel well in the trunk of Cornett's vehicle was black and resembled a semi-automatic handgun. Tr. p. 148-50. That gun matched Tines's description of the handgun that Cornett used during the robbery. Thus, there were reasonable inferences that connected the air gun discovered in Cornett's vehicle with the handgun that Cornett used during the robbery. And the lack of actual proof that this was indeed the gun used in the robbery only affected the weight of the evidence. Garrett, 602 N.E.2d at 142. Therefore, trial counsel was not ineffective for arguing to the jury that it should disregard the notion that the air pistol was not connected to the robbery. Tr. p. 269. Put another way, the post-conviction court properly

11

found that Cornett's trial counsel was not deficient for failing to object to the admission of the air pistol.

### B. Appellate counsel

Cornett also claims that his appellate counsel was ineffective because he failed to argue on direct appeal that the State did not present sufficient evidence establishing that the gun Cornett used in the robbery was, in fact, a deadly weapon. Thus, Cornett maintains that his conviction should be reduced to a class C felony.

In resolving this issue, we note that the same standard of review that applies to claims of ineffective assistance of trial counsel also applies to claims of ineffective assistance of appellate counsel. Burnside v. State, 858 N.E.2d 232, 238 (Ind. Ct. App. 2006). Additionally, we have determined that there are three basic categories of ineffective assistance of appellate counsel: (1) denying access to an appeal; (2) failing to raise an issue on appeal; (3) and failing to present an issue completely and effectively. Bieghler v. State, 690 N.E.2d 188, 193-95 (Ind. 1997).

As noted above, Cornett contends that his appellate counsel was deficient for not challenging the sufficiency of the evidence on direct appeal. To prevail on this claim, Cornett must demonstrate that the unraised issue was significant, obvious, and "clearly stronger" than the issues that were raised. Id. at 194. Our Supreme Court has observed that

> [w]hen a petitioner claims the denial of effective assistance of appellate
> counsel because counsel did not raise issues the petitioner argues should
> have been raised, reviewing courts should be particularly deferential to

12

counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable. But this does not end our analysis. Even if we determine that counsel's choice of issues was not reasonable, a petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different in order to prevail.

Taylor v. State, 840 N.E.2d 324, 338 (Ind. 2006) (internal citations omitted).

Deciding which issues to raise on appeal is one of the most important strategic decisions of appellate counsel. Bieghler, 690 N.E.2d at 193. Ineffective assistance of appellate counsel is very rarely found in cases where a defendant asserts that appellate counsel did not raise an issue on direct appeal. Reed v. State, 856 N.E.2d 1189, 1196 (Ind. 2006).

Turning to the circumstances here, we initially observe that it was not necessary to introduce the actual weapon into evidence that was used in the robbery. Gorman v. State, 968 N.E.2d 845, 850-51 (Ind. Ct. App. 2012). Indeed, a victim's testimony that he or she saw the defendant use what he "figured" was a gun is, by itself, sufficient proof of the use of a deadly weapon. Id.

Even in light of accusations that the gun Cornett pulled on Tines may have only been a plastic toy, Tines testified that he believed it was a real handgun. Tr. p. 78. This testimony, along with the corroborating evidence established by the videotape, was sufficient for the jury to conclude that Cornett was armed with a handgun during the robbery. See Williams v. State, 983 N.E.2d 661, 669-70 (Ind. Ct. App. 2013) (observing that the witness's testimony that the defendant was armed with a gun was sufficient to

13

support the defendant's conviction of carrying a handgun without a license).  As in Gorman, we would reject Cornett's invitation on direct appeal to judge Tines's credibility and reweigh the evidence, had the issue been presented.

In sum, our review of the record demonstrates that Cornett's appellate counsel thoroughly weighed all of the possible issues that Cornett could have presented on appeal and reasonably believed that a challenge to the sufficiency of the evidence had little chance of success in light of the deferential standard of review to which such a claim would be subjected.  Therefore, Cornett's appellate counsel's decision to not challenge the sufficiency of the evidence was an exercise of reasonable professional judgment. Thus, the post-conviction court properly denied Cornett's request for relief.

The judgment of the post-conviction court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.